# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

| | |
|---|---|
| In the Matter of the Search of ) <br> a Cell-Site Simulator to Locate ) <br> the Cellular Device Assigned ) <br> Call Number (803) 526-4278 ) | Case No. _____2:18cm2_____ |

**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Mar 9, 2018
OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: *A Cell-Site Simulator to Locate the Cellular Device Assigned Call Number (803) 526-4278*, **more particularly described in Attachment "A".**

located in the Western District of Arkansas, there is now concealed: *See* **Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 641 | Embezzlement and Theft |

The application is based on these facts:

☒ See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation. *See* 18 U.S.C. §§ 3122(b), 3123(b).

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*
Micah Sexson, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 9th, 2018

_____
*Judge's signature*

City and state: Texarkana, Arkansas

Barry A. Bryant, Chief United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (803) 526-4278 | Case No.<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, **Micah Sexson**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **(803) 526-4278,** (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) currently assigned to the Little Rock Field Division, Texarkana Resident Agency. I am an Investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the FBI for approximately six and a half years. I am currently assigned to work violent crimes and drug trafficking violations, among other matters.

Prior to my current assignment in Texarkana, I was assigned to the FBI's San Antonio Field Office working on international terrorism matters. Prior to my employment with the FBI, I was employed as a police officer with the North Little Rock Police Department in North Little Rock, Arkansas, for approximately eight and a half years. In connection with my official duties, I am charged with investigating violations of federal criminal laws. My involvement in federal investigations includes, among other things, debriefing defendants, sources, and informants; conducting surveillance and undercover operations; executing search warrants; monitoring Title III wiretaps; and analyzing documentary and physical evidence.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that **GUS MOORE ("MOORE")** has violated Title 18, United States Code, Section 641. **MOORE** was charged with these crimes on **February 22, 2018**, and is the subject of an arrest warrant issued on **February 22, 2018**. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting **MOORE**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

4. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

5. On February 22, 2018, a Federal indictment and arrest warrant was issued in the Western District of North Carolina for **GUS MOORE** for violating one count of Title 18, United

States Code, Section 641. **MOORE** was interviewed by the FBI in August and September 2017, when he provided his cellular telephone number to the interviewing Agents to be (803) 526-4278. Agents also spoke with **MOORE** on this telephone number in December 2017. **MOORE** is known to utilize this telephone number as his personal phone number. A search of the telephone number conducted on March 1, 2018, on Facebook resulted in a Facebook profile featuring the name "Gus Moore" and photographs of **MOORE**.

6. **MOORE** remains at-large and his federal arrest warrant remains unserved.

7. Based on **MOORE's** background he originates from the Fort Smith, Arkansas, area. On March 7, 2018, at approximately 8:00 p.m., **MOORE's** cell phone began to "ping" in Fort Smith, Arkansas, which is located in the Western District of Arkansas. The cell phone has consistently been pinging in the Fort Smith area through March 8, 2018. (The most recent ping at approximately 1:32 p.m.) The cell phone has been known to belong to **MOORE** since the beginning of the investigation. A Facebook search of **MOORE's** cell phone number connects with **MOORE's** Facebook profile.

## MANNER OF EXECUTION

8. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

9. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device

or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

10. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

11. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

12. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

13. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

14. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Micah Sexson
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to me on this 9th day of March 2018

_____
Honorable Barry A. Bryant
Chief United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular devices assigned phone number **(803) 526-4278**, whose wireless provider is **Sprint Communications,** including information about the location of the cellular telephone if it is subsequently assigned a different call number or any other telephone number subsequently assigned to the same IMSI, MIN, IMEI or ESN (Device ID) as cellular telephone assigned call numbers **(803) 526-4278**.

## ATTACHMENT B

Pursuant to an investigation of **GUS MOORE ("MOORE")** for a violation of Title 18, United States Code, Section 641, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).